IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTUR TCHIBASSA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:25-cv-2604-N-BN |
| | § | |
| JIMMY JOHNSON, Facility Administrator, Prairieland Detention Center, ET AL., | § | |
| | § | |
| Respondents. | § | |

**ORDER REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUIRING RESPONSE**

Petitioner Artur Tchibassa, currently detained by U.S. Immigration and Customs Enforcement at the Prairieland Detention Center, in the Dallas Division of this district, filed with the assistance of counsel an application for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. Nos. 1 & 4.

Tchibassa asserts that, after the Board of Immigration issued its administratively final order regarding his removal in December 2024, 8 U.S.C. § 1226(c) compelled that he be detained as an alien inadmissible on account of convictions he attained in 2003 but that his continued detention now violates his constitutional right to due process and federal law since further continuing his detention could only be justified if his prompt removal was practicable and proper or for other good cause, which it is not, he argues, because "removing [him] to any country is 'practicable' only to the extent that it is also illegal," Dkt. No. 1 at 2 (cleaned up), as he may not be removed to Angola, "the one country of which he is a citizen,

[and, so,] his removal is 'reasonably foreseeable' only if [immigration officials] intend[] to send him elsewhere," *id.* at 6 ("He has asserted, via certified mail, a fear of torture in Honduras and El Salvador; virtually every other nation outside western Europe; and, for emphasis, Ghana. Should DHS intend to deport Tchibassa to any of these 173 countries, it may do so only after notifying Mr. Tchibassa of that intention; notify the ICE Office of the Principal Legal Advisor so that it can move to reopen removal proceedings to designate a new country of removal and allow Mr. Tchibassa to present his fear-based claim to an immigration judge; and stay Mr. Tchibassa's removal until his fear-based claim is adjudicated by an immigration judge. Respondents' failure to comply with these obligations before enforcing the December 20, 2024 order of removal would violate Mr. Tchibassa's statutory, regulatory, and due process rights, and the United States' commitment to non-refoulement under international law." (citations omitted)).

Senior United States District Judge David C. Godbey referred Tchibassa's habeas action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court previously requested that the Clerk of Court electronically serve the United States Attorney for the Northern District of Texas (the "USAO") and required that office to file a response to the petition by December 1, 2025. *See* Dkt. No. 5.

On November 3, Tchibassa moved for a temporary restraining order ("TRO") requesting that the Court order that "Respondents release him from custody, not re-detain him unless he is afforded notice and a hearing before an Immigration Judge

on whether his re-detention is not indefinite, and further whether it is justified by evidence that he is a danger to the community or a flight risk, and not remove him to any third country without first providing him with constitutionally-compliant procedures." Dkt. No. 7.

The TRO motion presents no new facts specific to Tchibassa that were not provided in the habeas petition. And the relief requested through the TRO appears to be substantially the same as the ultimate relief requested through the habeas petition.

And, so, the undersigned notes that, like a preliminary injunction, the purpose of a TRO "is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974) (cleaned up).

So the decision on a motion seeking a TRO or preliminary injunction does "not amount to a ruling on the merits" of a plaintiff's claims, *Jonibach Mgmt. Trust v. Wartburg Enters., Inc.*, 750 F.3d 486, 491 (5th Cir. 2014), considering that "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits" and "may be challenged at a later stage of the proceedings," *id.* (cleaned up).

In short, a TRO or preliminary injunction is not a device "to give a plaintiff the ultimate relief he seeks" through his claims. *Peters v. Davis*, No. 6:17CV595, 2018 WL 11463602, at 2 (E.D. Tex. Mar. 28, 2018); *accord Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("This Court has repeatedly recognized that the purpose of

injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."); *Kane v. De Blasio*, 19 F.4th 152, 163 (2d Cir. 2021) ("The purpose of a preliminary injunction is not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo by preventing during the pendency of the suit the occurrence of that irreparable sort of harm which the movant fears will occur." (cleaned up)).

And, so, a motion or application for a TRO or preliminary injunction is properly denied when it is no more than a "motion to win."

And, insofar as Tchibassa seeks the same ruling on the merits as the habeas petition, the undersigned finds that the TRO motion improperly seeks ultimate relief. *Cf. Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *4 (S.D. Tex. Oct. 7, 2025) (denying TRO as moot because it sought the same relief as the petitioner's habeas petition – to release the petitioner from custody or order a bond hearing).

But the Court should not deny the TRO motion at this time, and the undersigned will require that the USAO respond to the TRO motion in its response to the habeas petition to be filed by December 1, 2025. Considering this extra requirement, that office may move for an extension of time. But counsel should meet and confer before the USAO files such a motion.

SO ORDERED.

DATED: November 3, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE